## Fraley's Appeal.

1. S. made a note with warrant of attorney to J. on which judgment was entered; J. borrowed money from F. and delivered him the note as collateral security; the judgment was not marked to F.'s use on the record. J. afterwards borrowed money from N. and by writing assigned the judgment to him; the assignment was noted on the record of the judgment. In the distribution of the proceeds of sale by the sheriff of the property of S., *Held,* that N. was entitled to the amount of the judgment.

2. An instrument on which judgment has been entered by the prothonotary under the Act of February 24th 1806, should not be delivered to the plaintiff; the practice should be abolished.

3. Campbell's Appeal, 5 Casey 401; Fisher *v.* Knox, 1 Harris 626, followed.

March 19th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Appeal from the Court of Common Pleas of *Northampton county:* No. 308, to January Term 1874. In the distribution of the proceeds of the sheriff's sale of the real estate of Jacob Schweitzer.

The facts in this case were as follows:—

On the 25th of April 1871, judgment was entered in the Court of Common Pleas of Northampton county in favor of Jefferson Schweitzer against Jacob Schweitzer for $575.02, on a note dated April 1st 1871, with short warrant of attorney to confess judgment written under the note, so that it could not be detached from it. Neither the note nor warrant of attorney was filed in the prothonotary's office, but in accordance with the uniform practice in Northampton county after judgment had been entered, an endorsement of the entry was made on the note and it was re-delivered to the obligee.

On the 12th of May 1871, George E. Schweitzer and Jefferson Schweitzer made a note payable in ninety days to Abraham Fraley for $400, being for money *then* lent to George C. Schweitzer by Fraley, and as collateral security for this note, Jefferson Schweitzer gave Fraley the judgment note of Jacob Schweitzer in his favor; the judgment note was not transferred by any writing, but was handed to Fraley to be held as collateral security. No entry was made on the record that the judgment on the note was for the use of Fraley, or that the note was held by him as collateral security.

On the 2d of August 1871, Christian Nagle made a loan to Jefferson Schweitzer, who at the same time executed a writing assigning the judgment against Jacob Schweitzer as collateral security for the money so lent, the note with the warrant still being in possession of Fraley. On the 17th of January 1872, this assignment was noted on the record of the judgment in the prothonotary's office as follows:—

"And now January 17th 1872, as per instrument in writing

[Fraley's Appeal.]

under the hand and seal of the plaintiff produced here this day the above judgment is assigned, transferred and set over unto Christian Nagle as collateral security."

The real estate of Jacob Schweitzer was sold by the sheriff; out of the proceeds a sum sufficient to pay his note to Jefferson Schweitzer was paid into court and William Mutchler, Esq., was appointed auditor to report distribution. He reported awarding the fund in court to Christian Nagle. The Court of Common Pleas (Longaker, P. J.) having confirmed his report and decreed the fund to Nagle, Fraley appealed to the Supreme Court and assigned the decree for error

*W. W. Schuyler*, for appellants.—The note and warrant not having been delivered to Nagle at the time of the loan, there was sufficient to put him upon inquiry as to whether Jefferson Schweitzer owned it, and he could have protected himself by retaining his money till the note was produced: Mott *v.* Clark, 9 Barr 405. If Fraley was negligent in not having the assignment noted on the record, Nagle was equally so in not requiring the warrant, Fraley being prior in time and with equal equity had the better right: 1 Story's Eq. Jur., sect. 64, c. d.; Adams Eq. 158.

*O. H. Meyers*, for appellee.—Before notice of the assignment to Nagle, payment by Jacob to Jefferson Schweitzer would have been satisfaction of the judgment: Bury *v.* Hartman, 4 S. & R. 175; Brindle *v.* McIlvaine, 9 Id. 74. In order to give Fraley a right to the fund as against Nagle, he should have had the assignment noted on the record before Nagle took his assignment: Fisher *v.* Knox, 1 Harris 625; Campbell's Appeal, 5 Casey 401.

Judgment was entered in the Supreme Court March 30th 1874.

PER CURIAM.—We think this case is governed by the same principle which ruled the cases of Fisher *v.* Knox, 1 Harris 626, and Campbell's Appeal, 5 Casey 402. The practice of delivering a note or bond, upon which judgment is entered by the prothonotary under the Act of 1806, back to the plaintiff is bad and *malus usus abolendus est*. It should remain on file as the evidence of authority for the judgment and the protection of the defendant.

Judgment affirmed.