S. Jacobs and Son, Appellants, *v.* Sylvester Busedu and Mary Busedu.

Argued October 12, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Ben W. Ingber,* and with him *Max C. Baylinson,* for appellants, cited: Lichow v. Williams, 30 Pa. District Reports 181; Union Bank of Nanty-Glo v. Schnabel et al., 291 Pa. 228; Oberlin v. Parry, 287 Pa. 224.

*Samuel Melnick,* for appellee, cited: Bellevue Borough v. Hallett, 234 Pa. 191.

OPINION BY GAWTHROP, J., November 21, 1928:
Plaintiffs leased a piano to defendants by a contract in writing, which authorized the prothonotary of any court of record, in case of default in the payment of rent, to confess judgment against defendants for the amount thereof. By virtue of this authority plaintiffs caused the prothonotary of Court of Common Pleas No. 2 of Philadelphia County to enter a judgment on the lease. It appears that only a copy of the lease, and not the original lease, was filed in the court. It does not appear that the original lease was not produced before the prothonotary at the time of the entry of the judgment. Subsequently the court struck off the judgment on the grounds that no averment of default was filed, and that the amount due under the lease did not appear on the face of the instrument. Still later, on February 28, 1928, another judgment by confession was entered in Court of Common Pleas No. 3, upon the same warrant. From an order making absolute a rule to strike off this judgment, this appeal was brought.

The sole question to be determined is whether,

134

when plaintiffs caused the first judgment to be entered, they exhausted the warrant of attorney, under the firmly established rule of law that a power to confess judgment authorized by a warrant of attorney is exhausted by entering a judgment thereon, and a subsequent judgment entered on the same warrant, after the prior judgment has been stricken off for irregularities appearing on the face of the record, will be stricken off. See Bellevue Borough v. Hallett, 234 Pa. 191; Com. v. Massi, 225 Pa. 548; Osterhaut v. Briggs, 37 Pa. Superior Ct. 169. In our view that rule is controlling in this case. The contention of appellants is that the first judgment was confessed on a copy of the lease; that the prothonotary had no authority to accept a copy; and that the power to enter judgment could not have been exhausted because the paper which gave the power to enter judgment was still in appellants' hands and was used for the first time in entering the judgment under consideration. The argument is based upon a false premise. The authority which plaintiffs sought to exercise, when they entered the first judgment, was that given by the lease itself. As stated above, it does not appear that the lease was not exhibited to the prothonotary when he entered the first judgment. While it should have remained on file as evidence of the authority for the judgment and the protection of the defendants, (Fraley's Appeal, 76 Pa. 42) its re-delivery to plaintiffs did not have the effect of rendering the judgment a nullity. Surely plaintiffs are not in a position to assert that the judgment was not entered under the warrant in the lease; for they had no other authority to enter it. The question whether the power to enter a judgment was exhausted by the entry of the first judgment is not to be determined by what paper was filed by the prothonotary, but by what authority plaintiffs acted. We have no difficulty

in concluding that they were exercising their power under the warrant in the lease. It follows, that they could not enter another judgment under it.

Judgment affirmed.