Boggs, Appellant, *v.* Levin.

**132**

Argued April 22, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Henry A. Frye,* with him *Fletcher W. Stites* and *Karl W. Johnson,* for appellant.—The rule to strike off the judgment should have been dismissed: Blackstone v. Buttermore, 53 Pa. 266; Waldman v. Baer, 81 Pa. Superior Ct. 390; Hopkins v. Mehaffey, 11 S. & R. 126; Erie Bank v. Randolph, 3 Brewster 9; Lancaster v. Ice Co., 153 Pa. 427; Curry v. Quality Shops, 271 Pa. 364; Girard Trust Co. v. Cosgrove, 270 Pa. 570; Stewart v. Jackson, 181 Pa. 549.

*Gabriel D. Weiss,* with him *Henry Arronson,* for appellee.—There is no authority contained in the lease giving "George H. Boggs" power to confess judgment against appellee: Isman v. Niederman, 74 Pa. Superior Ct. 175; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Jenks v. Hendley, 6 Phila. 518.

There is no authority in the lease to enter judgment by confession unless and until an agreement was entered into between the lessor and defendant, or their respective counsel: Weaver v. McDevitt, 21 Pa. Superior Ct. 597; Pestcoe v. Erlick, 7 D. & C. 589.

A waiver of errors or defects in judgment is of no effect since the court had no jurisdiction: Curry v. Quality Shops, 271 Pa. 364; Phila. v. Johnson, 23 Pa. Supe-

rior Ct. 591; Fogerty v. Dix, 75 Pa. Superior Ct. 214; Rovno v. Lorentz, 32 Pa. Superior Ct. 162; Bryn Mawr Nat. Bank v. James, 152 Pa. 364; Stewart v. Jackson, 181 Pa. 549; Com. v. Burns, 14 Pa. Superior Ct. 248; Stevenson v. Virtue, 13 Pa. Superior Ct. 103; Graver v. Fehr, 89 Pa. 460; Camp v. Wood, 10 Watts. 18.

An undisclosed principal cannot in his own name enforce the covenants of a lease under seal made by an agent: Holt v. Martin, 51 Pa. 499; Seyfert v. Bean, 83 Pa. 450.

OPINION BY MR. JUSTICE FRAZER, May 13, 1929:

Under date of July 10, 1928, a lease was entered into between Maustbaum Brothers & Fleisher, a corporation, agent, as lessor, and Mitchell Levin, defendant, as lessee, for premises situated at Fourth and Market Streets, Philadelphia. The lease contained the usual provisions authorizing confession of judgment against lessee for breach of any covenant set forth, and also stated that Maustbaum Brothers & Fleisher was acting as agent only and should not be held liable to either of the parties for nonfulfillment of any terms and conditions of the lease or for any action or proceeding that may be taken by the owner against lessee, or by lessee against owner. There was a further provision that the lease should become null and void "unless approved by lessor's principal within seven days from the date hereof." At the end of the lease, after the signatures of the parties and the name of a witness, is found the following clause: "This lease having been examined by the undersigned, is approved with all the agreements contained herein. George H. Boggs."

Payment was stopped on a check given by lessee in payment of an installment of rent, and subsequently an amicable confession of judgment was entered for plaintiff against defendant, wherein it was recited that the lease provided for the payment "unto the said George H. Boggs, lessor," of an annual rental, that the rent was

not paid according to the terms of the lease, and that judgment was therein confessed against defendant lessee "in favor of George H. Boggs." This confession was accompanied by an affidavit signed by Boggs, stating that a true and correct copy of a lease between him and Levin for the premises in question was attached and that rental under the lease "from the said Mitchell Levin, lessee and defendant, to the said George H. Boggs, lessor and plaintiff" remains unpaid. Subsequently a rule to strike off judgment so entered was made absolute on the ground that the lease described Maustbaum Brothers & Fleisher as lessor and nothing appeared in the instrument indicating that George H. Boggs, plaintiff had any interest in or connection with the leased premises, and accordingly was not a party to the contract, and no authority existed to confess judgment in his favor. From this order of the court, plaintiff appealed.

From the foregoing statement of facts it is apparent the judgment was properly stricken off. A familiar rule is that an authority to confess judgment must be clear and explicit and strictly pursued. Judgment cannot be entered in favor of a stranger to the contract, and, before plaintiff is entitled to recover on the lease in question, the burden is on him to show he has an interest therein. We find nothing on the record to show that Maustbaum Brothers & Fleisher designated as agent, was in fact, acting for plaintiff, or that the endorsement of the latter on the lease was intended to be an endorsement as principal or owner. He is not designated as such, nor is there an assertion to indicate the capacity in which he was acting. We cannot, therefore, treat him as owner without reading into the writing a provision it does not contain. Even the confession of judgment and affidavit accompanying it do not furnish information on the question. They merely recite the lease was between George H. Boggs and Mitchell Levin, an averment which is directly contradicted by the lease itself which shows it to be between Maustbaum Brothers & Fleisher and Levin.

No averment is set forth that Boggs is the owner of the premises and approved the lease as such. If this were the fact plaintiff did not see fit to bring it on the record in a proper manner, and it is not within the province of the court to supply the omission by inference. The judgment might properly have been entered in the name of the agent, lessor, to the use of Boggs, as owner (Partridge v. Partridge, 38 Pa. 78) ; and such judgment would have protected lessee from further actions: Sinberg v. Davis, 285 Pa. 426, 431.

The lease contains a provision waiving the right of appeal or certiorari to any judgment, order or decree that may be entered against lessee by any court or magistrate, for rent, damages, possession or otherwise. Appellant argues that under this clause defendant waived the right to object to the entry of the judgment in favor of Boggs, and had, consequently, no right to have such judgment stricken from the record. In discussing a similar provision in a lease, this court, in Curry v. Bacharach Quality Shops, 271 Pa. 364, 373, said: "The release of errors in connection with the warrant of authority operates only on irregularities in the proceeding apparent on the record. It does not reach the defect of a lack of authority to proceed...... The waiver of the appeal does not create a right in the landlord. It is but a restriction or an abandonment of a right by the lessee, the observance of which may be enforced in the courts by the lessor." The question in that case was as to the validity of an assignment of the lease, and it was held the waiver of right of appeal from judgment entered under the lease was not available to the assignee and did not estop lessee from having inquiry made into lessor's power to enter judgment. That case is conclusive of the present question, so far as the effect of waiver is concerned, inasmuch as the judgment here was not entered by or in favor of lessor, but in favor of a total stranger to the lease, so far as appears from the record.

The judgment is affirmed.