## Schwartz v. Stein et al.

*J. L. Ehrenreich* and *A. S. Minster*, for plaintiff.

MARTIN, P. J., July 22, 1929.—Judgment was entered upon a note signed by Jacob Berman and Rose Berman by virtue of a warrant of attorney contained in the note. Upon the back of the note the defendants, Harry Stein and Alexander Weinstein, signed an endorsement containing a warrant of attorney authorizing the entry of judgment against them.

When the judgment was entered against the makers, the note was filed with the prothonotary. Upon filing a copy of the warrant of attorney on the back of the note, judgment was entered against Harry Stein and Alexander Weinstein. There being no authority for obtaining judgment upon the filing of a copy, this judgment was struck off. Plaintiff subsequently obtained possession of the note with the endorsement, and upon presentation of the endorsement to the prothonotary, judgment was entered against the endorsers in the present case. This rule was taken to show cause why the judgment should not be struck off.

The warrant of attorney contained on the face of the note and that on the back of the note conferred authority for the entry of two valid judgments, one against the makers and the other against the endorsers, but when judgment was entered against the endorsers without legal authority by presenting to the prothonotary a copy of the warrant of attorney instead of the original endorsement upon the back of the note, the judgment entered was illegal and properly struck off; but having entered judgment based upon the authority of the warrant of attorney on the back of the note, although only a copy was employed, the power of the warrant of attorney was exhausted and judgment cannot now be entered by virtue of the original warrant.

This was declared to be the law in the case of Jacobs *v.* Busedu, 95 Pa. Superior Ct. 132. It was said in the opinion delivered in that case: "The contention of appellants is that the first judgment was conferred on a copy of the lease; that the prothonotary had no authority to accept a copy; and that

the power to enter judgment could not have been exhausted because the paper which gave the power to enter judgment was still in appellant's hands and was used for the first time in entering the judgment under consideration. The argument is based upon a false premise. The authority which plaintiffs sought to exercise when they entered the first judgment was that given by the lease itself. As stated above, it does not appear that the lease was not exhibited to the prothonotary when he entered the first judgment. While it should have remained on file as evidence of the authority for the judgment and the protection of the defendants (Fraley's Appeal, 76 Pa. 42), its redelivery to plaintiffs did not have the effect of rendering the judgment a nullity. Surely, plaintiffs are not in a position to assert that the judgment was not entered under the warrant in the lease, for they had no other authority to enter it. The question whether the power to enter a judgment was exhausted by the entry of the first judgment is not to be determined by what paper was filed by the prothonotary, but by what authority plaintiffs acted. We have no difficulty in concluding that they were exercising their power under the warrant in the lease. It follows that they could not enter another judgment under it."

Rule absolute.