## Metropolitan Life Insurance Co. *v.* Associated Auctioneers, Inc., Appellant.

Argued December 17, 1934.

Before KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*David S. Malis,* for appellant.

*Willis 'H. Satterthwaite,* with him *Arthur G. Dickson* and *Frank Ewing,* for appellee.

OPINION BY PARKER, J., March 13, 1935:
Appellant complains of the refusal of the court

below to strike off a judgment which was entered by appellee in an amicable action which it asserts it was authorized so to enter by a power contained in a tenant lease executed by appellant as lessee. Appellant insists that since the power to enter judgment against him was executed by the lessor as agent, it was not available by the terms of the lease to the owner of the premises, and that, even if it were available, the judgment should have been entered in the name of the agent to the use of the owner. It is, therefore, necessary to examine the record, including the lease, for the purpose of ascertaining the right of the plaintiff to have the judgment confessed.

This proceeding is an amicable action and confession of judgment for a sum of money alleged to be due the owner of the premises for which a lease was given. A copy of the lease containing a power of attorney to confess judgment was attached, and it was averred under oath that there was due the plaintiff by way of rent a sum of money which the lessee had neglected and refused to pay, and that although the lease was made in the name of East Penn Realty Company, agent, the real owner of the premises, during the term of the lease and up to the time the judgment was entered, was the plaintiff, Metropolitan Life Insurance Company.

The lease was between East Penn Realty Company, agent, called the lessor of one part, and Associated Auctioneers, Inc., of Philadelphia, called lessee. It was specifically provided by Section 14 of the lease that if the rent should remain unpaid on any day when the same ought to have been paid, the prothonotary or any attorney of any court of record was empowered to sign for the lessee an agreement for entering in any competent court an amicable action or actions for the recovery of such arrears of rent or other charges and expenses and to confess judgment against

the lessee for all arrears of rent or other charges. This provision was then added: "Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other charges reserved as rent shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during any extension or renewal of this lease." It was also agreed as follows: "The word 'Lessor' shall include the Owner and the Lessor, be he, she, it or they a person, firm or corporation, as well as his, her, its or their heirs, administrators, executors, successors and assigns, each of whom shall have the same rights, remedies, powers and privileges as he, she, it or they would have had, had he, she, it or they originally signed this lease as Lessor, including the right to proceed in his, her, *its or their name to enter judgment by confession or otherwise."* (Italics supplied.)

The real owner of the premises was not named in the lease and, so far as the record discloses, was not known to the lessee. However, when the judgment was confessed, as we have indicated, the facts with relation to ownership were averred under oath and thereby brought on the record. Authority for the owner to confess judgment for the amount of arrears of rent is stated as explicitly and clearly as language permits. Consequently, unless this power is rendered ineffective, illegal, or invalid by some rule or principle of law, the order of the court below must be sustained. The lease was made in the name of an agent. It recognized the fact by express terms that there was another person interested in it, to wit, an owner, not only by the use of the word agent, but as well by the definition of lessor. Then, to remove all question the right was given to the owner to confess a judgment in his own name. In Champlin v. Smith, 164 Pa. 481, 30

A. 447, it was held that a power contained in a note to confess judgment "in favor of the holder of the note" would warrant a confession in favor of a subsequent holder. Also, see Wilson v. Vincent, 300 Pa. 321, 150 A. 642.

Counsel for the appellant cites a number of cases which, he asserts, support his position, but an examination of those cases discloses that in none of them was there specific authority given to the owner to confess a judgment in his own name and there were, in addition, other distinguishing features, as we shall show.

In Fogerty v. Dix, 75 Pa. Superior Ct. 214, the lease in question passed by several assignments to the plaintiffs in the judgment, but the ownership of the premises did not pass with the assignments. Ordinarily, where there is a change in the ownership of the reversion the new owner succeeds to the rights of the lessor: Y.-P. Coal Co. v. Carlet, 92 Pa. Superior Ct. 40. The lease in the Fogerty case provided only for the confession of a judgment by an assignee who was the owner of the premises, and the case is ruled specifically upon the ground that this disclosed a clear intention to so limit the power to confess a judgment.

In Boggs v. Levin, 297 Pa. 131, 146 A. 533, there was no averment on the record that the plaintiff was the owner of the premises or approved the lease. The Supreme Court there said (p. 135): "If this were the fact plaintiff did not see fit to bring it on the record in a proper manner, and it is not within the province of the court to supply the omission by inference." As we have pointed out, the plaintiff in the case we are now considering did bring the fact of ownership upon the record by an affidavit. In addition, in the Boggs case there was no explicit and clear authority for anyone but the lessor, in that case an agent, to confess the judgment.

In Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, 117 A. 435, the petition considered by the Supreme Court was not one to strike off the judgment but to open a judgment, and the judgment was opened. There is not anything in that case inconsistent with the conclusions at which we have arrived. The Metropolitan Life Insurance Company was not in the position of an ordinary assignee of a lease (Pgh. Ter. Coal Corp. v. Potts, 92 Pa. Superior Ct. 1, 13).

We are of the opinion that the case was correctly decided by the court below.

Judgment affirmed.