## Nichols, Agent, to use, v. Gasborro et ux.

*Reilly & Pearce*, for plaintiff.
*Karl W. Johnson*, for defendants.

MacDade, J., October 14, 1935.—The facts in this case are similar to those in West Arch B. & L. Assn. v. Gasborro et ux., 26 Del. Co. 15, in which we have this day filed an opinion striking off the entry of a judgment in ejectment because of lack of authority in the lease to enter it.

Under the authority of a warrant of attorney the plaintiff has entered this judgment in ejectment, and the defendants move us to strike it off for the following reasons:

1. There is no authority in the lease given to the West Arch Building and Loan Association, the plaintiff, to confess judgment against the petitioner.

2. The lease upon which the alleged confession of judgment and amicable action in ejectment purports to be issued is void and of no effect, in that there is no assignment thereof from H. B. Nichols, agent, to the plaintiff.

The defendants contend that the power of attorney to confess judgment against them was exhausted by its use in the plaintiff's confession of judgment under June term, 1935, no. 754, and that no further rights exist to confess judgment in this case, entered against the defendants by H. B. Nichols, agent, to the use of West Arch Building and Loan Association, as of September term, 1935, no. 58.

## Questions of law

1. Where a power of attorney to confess judgment in ejectment under a lease is exercised and the judgment therein is stricken off for matters apparent upon the face of the record, may it be used a second time?

2. May a judgment in ejectment be confessed in favor of a stranger to the lease under a warrant of attorney contained in the lease?

## Discussion

Respecting the last inquiry, we have decided in the case of West Arch B. & L. Assn. v. Gasborro et ux., 26 Del. Co. 15, that no authority existed to confess judgment in ejectment in plaintiff's favor because it was not a party to the contract or lease. Therefore, if there were nothing else to the instant case, the judgment, here as there, would be stricken off. A familiar rule is that an authority to confess judgment must be clear and explicit and strictly pursued. Judgment cannot be entered in favor of a stranger to a contract: Boggs v. Levin, 297 Pa. 131.

The first question of law propounded is more difficult to determine correctly. We have the bald proposition that

the same warrant of attorney has been made available in both of these cases. We struck off, in the first instance, the entry of judgment in ejectment under the warrant of attorney because the plaintiff was not a party to the contract or lease and there was no authority existing to confess judgment in its favor. The judgment should have been entered in favor of the agent lessor mentioned in the lease, and such judgment would have protected the lessees from further actions.

In the instant case the plaintiff has exercised a supposed authority under the same warrant of attorney. We have now as plaintiff "H. B. Nichols, agent, to the use of West Arch Building and Loan Association". By an inspection of the record and particularly the lease containing the warrant of attorney we fail to note any other lessor than "H. B. Nichols, agent". We fail to find any assignment to the West Arch Building and Loan Association, although it is use-plaintiff. The lease was between H. B. Nichols, agent, and the defendants. No averment is set forth that the association is the owner of the premises and has approved, if necessary, the lease as such; if this were the fact, the plaintiff has not seen fit to bring it on the record in a proper manner; and it is not within the province of the court to supply the omission by inference. If this had been done perhaps there would be no question that judgment might properly have been entered in the name of the agent lessor to the use of the owner: See Partridge v. Partridge, 38 Pa. 78; such judgment would probably protect the lessees from further action: Sinberg, Agent, v. Davis et al., 285 Pa. 426, 431; Boggs v. Levin, 297 Pa. 131.

There is nothing of record showing that an assignment for value received has been made by the agent to the association of the former's right, title and interest in the lease and all benefits and advantages to be derived therefrom. In fact the form endorsed on the back of the lease is blank: See Metropolitan Life Ins. Co. v. Associated Auctioneers, Inc., 117 Pa. Superior Ct. 242.

In reaching a conclusion in this case we are not holding that there was, when the first judgment was entered, an exhaustion of the warrant of attorney, but rather that there was an imperfect execution of the same.

In Philadelphia v. Johnson, 208 Pa. 645, 646, it was held that where there is an imperfect execution of the power the right to enter a second judgment is not lost, the imperfect execution of the power appearing on the face of the record. The syllabus of the case says:

"Where a judgment has been entered under an ejectment clause in a lease, no second judgment can be entered under the same clause; and this is the case although the first judgment may have been prematurely entered, or may have been voidable from matters outside the record."

That was not a case of imperfect execution of the power, as in the first case herein, but of a perfect execution, which means the end of the power, as it would be merged in the judgment.

In Morris v. Beiswanger, 22 Del. Co. 34, we held:

"The right to maintain an action in the name of a legal plaintiff to the use of another depends solely upon whether the legal plaintiff has a cause of action, and if he has, it is immaterial, so far as the defendant is concerned, whether the use plaintiff has any interest or not.

"A judgment entered by a power of confession in a written instrument will be sustained only when confessed in a way and manner indicated in the instrument, and the burden is on the plaintiff to point to the precise authority in the person who confessed the judgment.

"Where a judgment by confession is entered in a manner or by proceedings not authorized in the written instrument, and in a court not having jurisdiction, it will be stricken off; but the plaintiff may enter another judgment by the method stipulated in the writing.

"Where a judgment confessed in a court having jurisdiction, by virtue of a power contained in a written instrument and in the manner stipulated is irregular and voidable, the power of confession is thereby exhausted and another judgment cannot be confessed thereon."

The sole question now to be determined is whether, when plaintiff caused the first judgment to be entered, it exhausted the warrant of attorney, under the firmly established rule of law that a power to confess a judgment authorized by a warrant of attorney is exhausted by entering a judgment thereon, and, after the prior judgment has been stricken off for irregularities appearing on the face of the record, a subsequent judgment entered on the same warrant will be stricken off: See Bellevue Borough v. Hallett, 234 Pa. 191.

The authority which plaintiff sought to exercise, when it entered the first judgment, was that given by the lease itself. As stated above, it does not appear that the lease was not exhibited to the prothonotary when he entered the first judgment. While it should have remained on file as evidence of the authority for the judgment and for the protection of the defendants: Fraley's Appeal, 76 Pa. 42; its redelivery to plaintiff did not have the effect of rendering the judgment a nullity. Surely plaintiff is not in a position to assert that the judgment was not entered under the warrant in the lease, for it had no other authority to enter it. The question whether the power to enter a judgment was exhausted by the entry of the first judgment is not to be determined by what paper was filed with the prothonotary, but by what authority plaintiff acted. We have no difficulty in concluding that it was exercising its power under the warrant in the lease. It follows that it could not enter another judgment under it.

In Bellevue Borough v. Hallett, supra, the headnote is as follows:

"A power to confess judgment authorized by a warrant of attorney is exhausted by entering a judgment

thereon, and a subsequent judgment entered on the same warrant after the prior judgment has been stricken off for irregularities appearing on the face of the record, will be struck off upon petition."

In considering the two judgments entered of record under the warrant of attorney, the court said (p. 192) :

"The power in the case was perfectly executed the moment the first judgment was confessed on January 25, 1911, and became the subject of review by the Court, by reason of any existing facts 'not entering into the mere act of execution.' An application was made and this Court, after argument and due consideration, made absolute the rule to strike off the first judgment entered on January —, 1911. True this was done because of irregularities appearing on the face of the record, but the power authorized by the warrant had nevertheless been exhausted. We cannot breathe into it the breath of life in view of the unbroken line of decisions sustaining this construction, down to the latest case of Commonwealth v. Massi, 225 Pa. 548, which approved the case of Philadelphia v. Johnson, 208 Pa. 645, cited by plaintiff in support of his argument, but which we are unable to construe in any other way but as being against plaintiff's position, all the other cases are so evident as not to require citation.

" 'The petition and rule to strike off this second judgment, entered on May 24, 1911, is therefore made absolute.' "

We, therefore, determine that the warrant of attorney was not exhausted in the first case, because it was improperly executed under the authorization therein, and the fact that the use-plaintiff in the instant case does not appear as a party to the contract, and there is nothing of record to show its ownership of any interest by assignment, does not determine the execution to have been imperfect, as in the former case.

The latest case affirming the doctrine enunciated in Boggs v. Levin, supra, is Metropolitan Life Ins. Co. v.

Associated Auctioneers, Inc., 117 Pa. Superior Ct. 242. That case is an interesting one in that the terms of the lease were wholly different from those presented in this case. To quote therefrom (p. 244):

"The real owner of the premises was not named in the lease and, so far as the record discloses, was not known to the lessee. However, when the judgment was confessed, as we have indicated, the facts with relation to ownership were averred under oath and thereby brought on the record."

The instant case contains no such averments; the agreement for the confession of judgment is wholly wanting in any averments of ownership in the West Arch Building and Loan Association.

The court in the above case said further (p. 245):

"In Boggs v. Levin, 297 Pa. 131, 146 A. 533, there was no averment on the record that the plaintiff was the owner of the premises or approved the lease. The Supreme Court there said (p. 135): 'If this were the fact plaintiff did not see fit to bring it on the record in a proper manner, and it is not within the province of the court to supply the omission by inference.' As we have pointed out, the plaintiff in the case we are now considering did bring the fact of ownership upon the record by an affidavit. In addition, in the Boggs case there was no explicit and clear authority for anyone but the lessor, in that case an agent, to confess the judgment."

See also Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1, 12-13.

While the question is a close one we have come to the conclusion that in the instant case the agent is the lessor and had the authority to confess the judgment; in other words, the authority in the warrant of attorney has been properly exercised. If the assignee or use-plaintiff herein can show a right in the legal plaintiff, that is enough. Therefore the suit to the use of this building and loan association seems to be properly brought and it is not necessary to show the assignee's ownership by assign-

ment on the record or at a trial: Stern Mfg. Co., to use, v. Smith & Co., Inc., 273 Pa. 39; 2 Steward on Practice in Pa. 316, sec. 13; Montgomery v. Cook, 6 Watts 238; Croyle v. Guelich, 35 Pa. Superior Ct. 356.

As to an assignee suing in his own name, see the Act of May 28, 1715, 1 Sm. L. 90, and the Act of April 4, 1929, P. L. 164.

In Howes v. Scott, 224 Pa. 7, 12, it is held:

"The right to maintain this action does not depend upon the interest which the use plaintiff may have in the result. It depends solely upon whether the legal plaintiff has a cause of action against the defendant. If he cannot maintain the action, the use plaintiff cannot do so. If the legal plaintiff has a good cause of action, it is immaterial, so far as the defendant is concerned, whether the use plaintiff has any interest or not. That is a matter which concerns the legal and the use plaintiffs and not the defendant."

In any event, without accentuating distinctions that mark no substantial differences, and to prevent the thwarting of justice by sustaining a technicality, we feel that an amendment would be allowable under the Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, which provides:

"That all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

The cases construing this act hold that amendments may be made in the confession of judgment where the plaintiff has brought an action in the name of a person who has no title to support the action, so that the name of the proper person may be substituted: Kaylor v.

Shaffner, 24 Pa. 489; Gilmer's Estate v. De Caro, 13 Dist. R. 173.

## Order

And now, October 14, 1935, the matter of a rule in behalf of defendants, Allessandro Gasborro, also known as Alesaandro Gasborro, and Vera Gasborro, upon H. B. Nichols, agent, to the use of West Arch Building and Loan Association, to show cause why the judgment entered should not be stricken from the record, coming on to be heard by the court in banc, together with oral arguments and briefs, the court, after due consideration thereof, doth order and decree that the said rule to strike off the said judgment in ejectment be and is hereby discharged.

From William R. Toal, Media.