## Hogsett et al., Administrators, to use, v. Lutrario

*Thomas L. Morgan*, for plaintiffs.
*Wade K. Newell*, for defendant.

CARR, J., December 27, 1938.—Two rules to show cause are before us: The first ex parte defendant to strike off a judgment confessed on a lease in the name of a deceased lessor's administrators to the use of his heirs; and the second ex parte use-plaintiffs to permit them to file a supplementary affidavit of facts.

On March 31, 1920, a lease was entered into between Robert Hogsett as lessor and Paul Lutrario as lessee, for a small basement room in a building on Main Street in Uniontown, to be used as a barber shop, at a monthly

rental of $25, payable monthly in advance, for a term of one year, and thereafter from year to year, until legal notice was given for removal. The lease contained the usual provisions authorizing any attorney of any court of record to appear for the lessee and confess judgment for the amount of the rent due and unpaid "as often as default be made in the payment of said rental."

On May 12, 1934, leave of court having been obtained, in accordance with our rule in cases where the warrant of attorney is more than 10 years old, judgment was confessed and entered for the sum of $858.76, with interest from June 1, 1934, against Paul Lutrario, defendant, and in favor of William H. Hogsett, Pauline Hogsett, and Mary H. Covey, administrators of the estate of Robert Hogsett, now for the use of Pauline Hogsett and Mary H. Covey, plaintiffs. Attached to the application for leave was the affidavit of Pauline Hogsett that she and Mary H. Covey were the owners of the lease; that rent in the amount of $858.76, with interest from June 1, 1934, was due and unpaid, and that Paul Lutrario was living. At the time of entry, a statement and confession was filed in which judgment was claimed for the amount of $858.76 debt, $42.94 attorney's commission, and interest from June 1, 1934; but, in none of the papers filed, was there any express averment of default, any date of default mentioned, any statement of the months or years for which rent was due, or any indication whatever of the manner in which the debt was calculated. There was no suggestion of the death of Robert Hogsett or of the appointment of his administrators, and no allegation that his administrators had any interest in the rents due upon the lease. No assignment of any kind to the use-plaintiffs was shown. In all these respects, the record is bare.

The answer of the use-plaintiffs to the rule contains admissions that Robert Hogsett died on December 17, 1935, intestate, and that the entire amount of the rent claimed accrued after his death, and is payable to them in their own right as his heirs and real owners of the

leased premises. The supplementary affidavit that they desire to file discloses that the rent claimed is for a period beginning April 1, 1934.

We are all of opinion that the judgment must be stricken off. The admissions of the use-plaintiffs preclude them from prosecuting this action in the name of the lessor's administrators as legal plaintiffs. Under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, only unpaid rent accrued at the time of the lessor's death can be collected by his personal representatives, unless his personal estate was insufficient to pay his debts and collection by them for that purpose has been authorized by the orphans' court, and then, only for such time as that court has fixed: Fiduciaries Act, supra, secs. 11 (ƒ) and 14.

The right of the use-plaintiffs to maintain this action depends, not upon their interest, but upon the interest of the legal plaintiffs. If the legal plaintiffs cannot maintain the action, the use-plaintiffs cannot do so: Howes v. Scott, 224 Pa. 7; Stoddard v. Emery, 128 Pa. 436. As the administrators have no interest in the unpaid rents, the proceeding is irregular and void.

Moreover, the warrant of attorney to confess judgment for rent is not available to the heirs of Robert Hogsett under any form of procedure. It is a familiar rule that judgment cannot be entered in favor of a stranger to the contract: Boggs v. Levin, 297 Pa. 131. The use-plaintiffs are neither parties to the lease nor agents of the lessor. The authorization to enter judgment was for the benefit of the lessor, and not for those claiming under him. Since there is nothing in the lease authorizing the warrant to be exercised except in favor of the lessor, and the warrant to confess a money judgment is not a covenant that runs with the land, because it does not directly concern or touch the land, the heirs of the lessor cannot make use of it: Duff et al. v. Star Service Hanger Co., 79 Pitts. 175; Bloeser, etc., v. Semeul, 80 Pitts. 50, 12 Erie 248.

While the present owners of the property undoubtedly have a legal remedy for the collection of any rent that may be due, that remedy does not consist in the entering of an ex parte judgment under the warrant.

The record being, in our opinion, fatally defective, it cannot be made self-sustaining by any amendment or supplement to the affidavit of default. We shall, therefore, make absolute the rule to strike off.

### Order

And now, December 27, 1938, the rule ex parte use-plaintiffs to show cause why leave should not be granted to file a supplementary affidavit of facts, nunc pro tunc, is dismissed; the rule ex parte defendant to show cause why the judgment entered at the above number and term should not be stricken off is made absolute, and the judgment is stricken from the record and from the judgment index; all at the use-plaintiffs' cost.