# Fox *v.* Boorse, Appellant.

*Judgments—Amicable actions—Statement of claim—Amendment —Rules of court—Philadelphia County, Rule 144.*

Rule 144, of Philadelphia County Rules of Court, provides that: "No judgment by confession shall be entered in any amicable action, unless there shall be filed, at the time of filing the agreement, a statement of the cause of action, signed and sworn to by the parties or their attorneys," etc.

Judgment having been entered, in ejectment, upon a warrant of attorney contained in a written lease, upon a statement of claim

which was not sworn to, it was not error for the court below to permit an amendment of the statement, nunc pro tunc, by adding the required affidavit, where it appeared no rights of other parties had intervened.

*Landlord and tenant—Lease—Written lease—Prior negotiations —Possession.*

A landlord and his tenant having executed a written lease, all previous negotiations were merged therein, and it would be no defense to an action, based upon such lease, that the tenant entered into possession of the property before the lease was signed.

Argued October 10, 1922. Appeal, No. 79, Oct. T., 1922, by defendant, from order of C. P. No. 2, Philadelphia County, Sept. T., 1921, No. 4420, discharging rule to strike off judgment in the case of G. Percy Fox, Agent for Corinthian Building and Loan Association, v. David O. Boorse. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to strike off judgment. Before STERN, J.
The opinion of the Superior Court states the case.
The court discharged the rule. Defendant appealed.

*Error assigned* was the order and judgment of the court quoting it.

*George J. Edwards, Jr.,* for appellant.—While it is true that every court is the best judge of its own rules: Elm City Lumber Co. v. Haùpt, 50 Pa. Superior Ct. 489, it is equally true that rules of court have the force of law and where a court wholly disregards a rule for no apparent reason the appellate court will uphold and apply it: Donoghue v. O'Kane, 55 Pa. Superior Ct. 11; Dexter v. Powell, 14 Pa. Superior Ct. 162.

*Leon J. Obermayer,* and with him *William Clarke Mason,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

In this action of ejectment judgment was entered against the defendant upon a warrant of attorney contained in a written lease. Rule 144 of the court of common pleas provides that: "No judgment by confession shall be entered in any amicable action, unless there shall be filed, at the time of filing the agreement, a statement of the cause of action, signed and sworn to by the parties or their attorneys," etc. The plaintiff in this case at the time of filing the agreement did file a statement of the cause of action and a copy of the lease, which contained the warrant of the attorney who appeared for the defendant, but the statement of the cause of action was not "signed and sworn to by the parties or their attorneys," as by the rule required. The defendant moved the court to strike off the judgment because of the failure of plaintiff to comply with the rule of court, whereupon the court granted a rule on the plaintiff to show cause why this should not be done. The plaintiff thereupon presented a petition to the court praying for leave to file a statement of the cause of action sworn to by the plaintiff, nunc pro tunc, and thereto attached a statement duly sworn to, which if filed at the proper time fully complied with the rule of court. Judge STERN, of the court below, held that, as no rights of other parties had intervened, the amendment should be allowed, and ordered the affidavit to be filed nunc pro tunc, and as the amended record complied with the rule of court, discharged the rule to strike off the judgment. The defendant appealed and assigns this action for error.

This case is ruled by the decision of the Supreme Court in Woods v. Woods, 126 Pa. 396. In that case the rule of court provided that: "If a warrant of attorney to enter judgment be above ten years and under twenty the court, or a judge thereof in vacation, must be moved for leave to enter judgment, which motion must be grounded on an affidavit that the warrant was duly exe-

cuted, and that the money is unpaid and the party living." The judgment was entered upon a warrant of attorney over ten years old, without leave of court and without the affidavit by the rule required. The defendant moved to strike off the judgment because of the failure to comply with the rule. Subsequently, the court granted leave to the plaintiff to file the affidavit and make the motion required by the rule of court, nunc pro tunc, and thereupon discharged the rule previously granted to strike off the judgment. Upon the appeal, the Supreme Court, in a per curiam opinion, said: "We see no error in this. The plaintiff was entitled to enter his judgment, had he complied with the rules of court. That he did not do so was a slip, and it did no one any harm to allow the judgments to stand, under the nunc pro tunc order, in view of the fact that the executions were set aside. An order nunc pro tunc is always made, or should be so made, as to protect intervening rights." This disposes of the principal contention of the appellant.

The only other reason for striking off the judgment urged by appellant in the sixth paragraph of his petition was that: "No written lease for said premises was ever entered into by the defendant with the plaintiff." The appellant seems to have been playing with his own conscience when he embodied that averment in the sixth paragraph, for by the fourth paragraph he expressly asserts: "that said lease was signed and executed by the defendant and the plaintiff after the expiration of the term mentioned therein, to wit, on January 21, 1921." He seems to be of opinion that this inconsistency in his statements can be reconciled by the fact that the lease was dated January 21, 1921, and the original term thereby created was for "one month from the 30th day of October A. D., 1920." It is sufficient to point out that the lease further stipulates that: "Either party may determine this lease at the expiration of the term hereby created, by giving to the other thirty days' written notice of intention so to do, but in default of such notice, this

lease, with all the conditions and covenants thereof, shall continue for the additional term of one month and so on from month to month until terminated by either party giving to the other thirty days' written notice of intention to terminate said lease." It matters not whether the defendant became a tenant under the plaintiff before or after the written lease was executed, all previous negotiations were merged in the written agreement and by that agreement the rights of the parties were fixed. If there was any other agreement or if he was induced to enter into the written agreement by fraud, he should have asserted the facts and moved to open the judgment. The plaintiff does not in his statement of his cause of action aver a forfeiture of the lease because of anything that occurred prior to the day it was executed, he admits that the rent was paid until after that date.

The judgment is affirmed.