# Sinberg, Agent, *v.* Davis (et al., Aplnt.).

*Landlord and tenant—Lease—Subletting—Approval of sublease —Cancellation of original lease—Waiver.*

1. Where a lease of real estate forbids a subletting without the consent of the lessor, the consent of the lessor will not effect a cancellation of the lease itself, where there is nothing to show an intention to cancel the original agreement in whole or in part, so as to relieve the lessees or those claiming under them from performing the covenants contained in the agreement.

2. Such approval is merely a waiver of the stipulation against subletting.

3. The sublessee contracts with notice of all terms and conditions of the original lease and is bound thereby, and has full knowledge that his lessees, and those claiming under them are liable to be ejected for breach of any covenant not expressly waived.

*Landlord and tenant—Lease—Covenant as to taxes—Custom.*

4. A custom to pay taxes on or before August 31st of the year in which they fall due, cannot be proved against an express provision in the lease requiring payment of such charges on or before August 15th.

*Landlord and tenant—Lease — Principal and agent — Entry of judgment in agent's name—Waiver of irregularities.*

5. Where a lease is made by an agent in the name of a disclosed principal and signed by the agent as agent for his principal, and by its terms purports to be a contract between the agent and the lessees, and authorized a confession of judgment in favor of the lessor, a judgment confessed in the name of the agent as principal is proper.

6. In such case, the fact is immaterial that the principal's name was inserted in the lease, and that it bore a memorandum of approval signed by the principal.

7. Even if the entry of the judgment was irregular such irregularity is cured if the lease contains a waiver of all errors and defects in the proceedings binding on one claiming under the lessees.

Argued January 6, 1926. Appeal, No. 409, Jan. T., 1925, by defendant Shotkin, from orders of C. P. No. 4, Phila. Co., June T., 1925, No. 18244, discharging rules to

strike off and open judgments, and to vacate writ of hab. fa. possessionem, in case of John H. Sinberg, Agent, v. Charles B. Davis et al., trading as Bastian & Davis, defendants and Bernard Shotkin, Intervenor.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Rule to strike off judgment.

Rule to open judgment and permit Bernard Shotkin to intervene.

Rule to vacate writ of habere facias possessionem.

Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Rules discharged except as to permitting Shotkin to intervene.  Shotkin appealed.

*Errors assigned* were the orders, quoting record.

*Dan'l G. Murphy,* of *Murphy & Levy,* and *Abraham Wernick,* of *Evans & Wernick,* for appellant.—When it would be inequitable and unjust to permit a major landlord to terminate a lease entered into between his immediate tenant and the under-tenant and eject the under-tenant, the court will seize upon a fair and sound principle in an endeavor to defeat such a purpose on the part of the major landlord: Hessel v. Johnson, 129 Pa. 173.

It is appellant's contention, that the surrender of the trustee and the attornment by the appellant to the major landlord, makes the petitioner a tenant of the landlord. If that is true, then this judgment and the writ of hab. fa. under it should not affect him: Brown v. Butler, 4 Phila. 71.

Where a lease is made by an agent, for a disclosed principal, and the name of the principal appears in the body of the lease and the signature of the principal appears at the end of the lease, it is error for the agent to

enter judgment in his own name: Patterson v. Pyle, 1 Monaghan 351.

If the failure to pay taxes and rent were the only grounds of default, the court should afford relief from a forfeiture based on such grounds: Lynch v. Gas Co., 165 Pa. 518; Pershing v. Feinberg, 203 Pa. 144; Merrill v. Trimmer, 2 Pa. C. C. R. 49; Hunter v. Johns, 275 Pa. 532.

*Samuel A. Goldberg,* with him *Wolf, Patterson, Block & Schorr,* for appellee.—A tenant's subtenant is in no wise a tenant of the landlord: Kennedy v. Canavan, 2 W. N. C. 226; Harnish v. Kauffman, 78 Pa. Superior Ct. 251.

Sub-tenants are charged with notice of the terms of the primary lease between the original lessor and the lessees and are bound by the conditions in such a lease.

OPINION BY MR. JUSTICE FRAZER, February 8, 1926:

Plaintiff, under date of February 10, 1923, leased to the four defendants, trading as Bastian & Davis, premises Nos. 113 and 115 South 13th Street in the City of Philadelphia for a term of nineteen years from the first day of January, 1923, at the yearly rental of $20,000, payable monthly. Lessees agreeing, among other things, to pay, as further rental, all taxes, water rent and assessments against the premises, the water rent to be paid on or before the 15th day of May, and the taxes on or before August 15th of each year, and not to assign the lease or sublet the premises or any part thereof without the written consent of the lessor, who was given the option of treating as an assignment any levy or sale or other legal process against lessees, or any insolvency or bankruptcy proceedings.

Two of the lessees subsequently withdrew from the firm, and, on August 11, 1924, the two remaining partners sublet a portion of the premises to one Shotkin, intervening defendant, the lease being formally approved by

plaintiff.   On the same day, another of the partners withdrew, leaving Lucille M. Bastian sole owner of the business which she continued to conduct under the original firm name, paying rent to plaintiff.   September 16, 1924, a supplemental lease was made to Shotkin, and also approved by plaintiff.   June 12, 1925, on petition in bankruptcy against Lucille M. Bastian, individually and trading as Bastian & Davis, a receiver was appointed. July 10, 1925, plaintiff petitioned the United States Court for leave to terminate the lease and enter an amicable ejectment in the Court of Common Pleas of Philadelphia County; subsequently this petition was granted and the trustee in bankruptcy directed to deliver to plaintiff possession of the property.

September 9, 1925, plaintiff entered an amicable action of ejectment in the court of common pleas averring lessees had defaulted in the payment of rent and taxes, and that the bankruptcy proceedings against the surviving partner and lessee, and against the firm, followed by a sale of the assets by the receiver, constituted a violation of the terms of the lease.   Shotkin thereupon presented a petition asking that three rules be granted, (1) to show cause why the judgment should not be stricken from the record; (2), to show cause why the judgment in ejectment should not be opened and he permitted to intervene and defend and that the writ be set aside; and (3) to show cause why the writ of habere facias possessionem issued by plaintiff in the proceedings should not be vacated as to that part of the premises occupied by him.   The court discharged the first and third rules, and made absolute the second so far as to permit petitioner to intervene, but as to other matters the rule was discharged.   From this action of the court the present appeal is taken.

Appellant's contention is that by approval of the sublease the lessor accepted the subtenant, who attorned by paying rent direct to the original lessor, and consequently the judgment in ejectment should not affect him,

or that part of the premises of which he is in possession. In support of this contention he points to the fact that the sublease to him was for a term twenty-three days longer than the original lease to defendants, and that the original lease gave defendants the right to receive a percentage of the rentals and such approval was in fact secured. The difficulty with this position is that the record is destitute of anything tending to show an intention to cancel the original lease, either in whole or in part, so as to relieve the lessees or those claiming under them from performing the covenants contained in the agreement. Mere approval of the sublease, even for a consideration, would not accomplish this result, in absence of an express understanding to that effect. Such approval was merely a waiver of the stipulation against subletting. Appellant accordingly contracted with notice of all terms and conditions of the original lease and was bound thereby and had full knowledge that his lessors, and those claiming under them, were liable to be ejected for breach of any covenant not expressly waived. At the time the judgment was entered four months' rent remained in arrears, also unpaid taxes, bankruptcy of the lessees and sale under execution of the personal property on the premises. These defaults constituted a breach of four distinct covenants, not one of which was denied by appellant in his petition. Although it is averred he expects to be able to prove that no default on the lease existed, and that the receiver for the bankrupt offered to pay rent for the premises, and also that rent was subsequently tendered by the bankrupt and accepted by the landlord, we find no averment of the amount tendered or to whom the tender was made, nor other facts set forth tending to show a bona fide offer to pay the sum in arrears.

Petitioner further asserts a custom to pay taxes on or before August 31st of the year in which they fall due. That custom could not be proved against the express provision in the lease requiring payment of such charges

on or before August 15th.  Furthermore we find no averment that the taxes were paid or tendered on or before August 31st, and no denial that they were unpaid at the time the confessed judgment was entered, which was September 9th.

Appellant also claims the agent improperly caused judgment to be entered on the lease in his own name, as that of plaintiff's principal appeared at the conclusion of the agreement.  The lease was made in the name of "John H. Sinberg, agent for Joseph V. Horn" and signed "John H. Sinberg, Agt."  By its terms it purported to be a contract between Sinberg and lessees and authorized the confession of judgment in favor of lessor in case of default and "for the recovery by the lessor of possession of the herein demised premises."  This language is sufficient authority for the entry of judgment in the manner pursued by plaintiff, and the fact that the principal's name was inserted in the instrument, and that it bore a memorandum "approved by Joseph V. Horn" is immaterial: Isman v. Niederman, 74 Pa. Superior Ct. 175, 178, and cases cited.  Lessees, and consequently appellant who claims under them, are estopped from denying that Sinberg was their lessor, and even assuming the procedure to be irregular, the lease contains a waiver of all errors and defects in the proceedings which is binding on one claiming under lessees: Curry v. Bacharach Quality Shops, 271 Pa. 364.  No harm resulted to appellant by naming Sinberg as a party plaintiff, as a judgment in the proceedings is binding on his principal and protects the lessee from further actions.

We find nothing in the record to require the opening of the judgment.

The judgment is affirmed at costs of appellant.