Peerless Soda Fountain Service Co., Appellants, *v.* Lipschutz and Spiro.

Argued October 8, 1930.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham, Baldrige and Whitmore, JJ.

*Edward N. Polisher,* and with him *Harry Fischman*
and *Harry R. Back,* for appellant.—Where a judgment
is confessed upon a warrant of attorney by a written
agreement between an attorney for the plaintiff and
an attorney appearing for the defendant by virtue of
the warrant of attorney, mere formal deficiencies in
the papers filed by counsel cannot affect the validity
of the judgment entered: Flaccus Oak Leather Co. v.
Heasley, 50 Pa. Superior Ct. 127; Wilson v. Vincent,

300 Pa. 321; Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1; Schwartz v. Sher, 299 Pa. 423.

*J. Joseph Stratton*, for appellee, cited: Curry v. Bacharach Quality Shops Inc., 271 Pa. 364.

OPINION BY CUNNINGHAM, J., January 30, 1931:

The record on both sides of this case is lacking in the precision and formality which should obtain in matters of the nature here involved, but the merits are clearly with the appellant. The judgment, the striking off of which by the court below the plaintiff therein now assigns for error, was entered by agreement of counsel, the attorney for defendants acting under authority alleged to have been conferred by a provision in a written contract whereby plaintiff bailed a soda fountain to them. The writing, called a "contract of bailment of hire," was dated April 20, 1929, and signed individually by defendants. Counsel concluded their agreement (hereinafter quoted in full) with the provision "that a judgment be entered and confessed against Jack Lipschutz and Nick Spiro in the amount of $205.81;" upon the application of Lipschutz the judgment was stricken off as to both.

Under the terms of the bailment the total amount to be paid "for the use and hire" of the apparatus was $1,100—$68 upon execution of the agreement and the balance in thirty-six monthly installments, the first of which became due the "second month after delivery" and the remainder "consecutively every month thereafter." Upon failure of the bailees to pay any one or more of the installments when and as they fell due the bailor had an option as to remedies. The one invoked was thus set forth in the contract: "It [the bailor] may regard the lease as having been determined, which shall be signified by a writing to that effect, mailed to the bailee/s or left at bailee/s place

of business. When the agreement shall be so determined, the bailor shall have the right, without suit, to take immediate possession of the bailed apparatus; and bailee/s agree/s that any attorney of any court of record of Pennsylvania or elsewhere in any court in the United States may appear for bailee/s, and enter judgment against bailee/s, for the total amount of rental installments then due and owing with or without declaration, with costs of suit, release of errors, without stay of execution and with fifteen per cent added for collection fee; and bailee/s waive/s the right of inquisition'' etc. The ground upon which appellant claimed the right to resort to this remedy was that appellees had failed to pay the installments due August, September and October 20, 1929, calculated by appellant as aggregating, with interest and attorney's commission, $205.81. There is nothing whatever in this record to support the statements made in the brief for appellees to the effect that shortly after the delivery of the apparatus they notified appellant that it was not the apparatus purchased, demanded that it be removed from their premises and the initial payment returned, and that, after correspondence between counsel, a verbal arrangement was made and carried into effect, under which appellant removed the fountain. Statements outside the record are not helpful and counsel should have refrained from inserting them in their brief as facts supporting their contention that there was nothing due appellant under the contract. If appellant entered a judgment for more than was owing, appellees' remedy was to have the judgment opened. Having elected to apply to have it stricken off, no facts dehors the record may be considered. Nor is the criticism that the record does not disclose ''how said sum is made up'' relevant to this proceeding; if the calculation is incorrect the matter should be disposed of under an application to open or when

damages are assessed. It is not contended, as we understand it, that the attorney who acted for the appellees was not authorized by the above quoted warrant to confess a judgment for accrued rentals; the argument is that the authority thereby conferred was not legally exercised. On November 11, 1929, notice of the termination of the contract was "mailed to the bailees" and "possession of the bailed apparatus" was taken the day following. Counsel for appellees assert that this notice was dated November 14th but an inspection of the record as certified to this court shows that the date was November 11th. Under date of November 13th, the vice-president of the bailor made an affidavit to the effect that the bailees had defaulted in the payments due on the dates above mentioned and that, after notice, the fountain had been repossessed by the bailor. The last paragraph of this affidavit reads: "Judgment is hereby entered for the rentals which became due from August 20, 1929, plus interest and attorney's fees for collection, totalling $205.81." Of course the affiant had no authority, and did not attempt, to enter any judgment; the only use made of the affidavit was as an averment of default and a statement of the amount due. On November 19th the following paper, to which was attached a copy of the contract of bailment, the original affidavit of default and a copy of the notice of termination, was filed in the prothonotary's office:

"Confession of Judgment and Averment of Default.

Peerless Soda Fountain Service Co., a Corp.,

v.

Jack Lipschutz, Nick Spiro.

C. P., No. 1, September Term, 1929, No. 12376.

Pursuant to the terms of a written lease entered into between the Peerless Soda Fountain Service Company and Jack Lipschutz and Nick Spiro on the 20th day of April, 1929, a true and correct copy of which

is hereto attached marked Exhibit 'A' and made part hereof, it is agreed between Edward N. Polisher, Esquire, Attorney for the plaintiff, and Leon B. Miller, Esquire, attorney for the defendant, by authority contained in said lease, that a judgment be entered and confessed against Jack Lipschutz and Nick Spiro in the amount of $205.81.

> Edward N. Polisher,
> Attorney for Plaintiff,
>
> Leon B. Miller,
> Attorney for Defendant by virtue of authority in lease.''

The contention of appellees, with which the court below agreed, was that the filing of these papers was not a legally sufficient confession of judgment. Some of the grounds of attack specified in the motion to strike off—for instance, that ''the record does not contain a confession of judgment in favor of any named plaintiff,'' or ''by or for the defendants or either of them''—do not merit discussion. Appellant is correctly named as plaintiff in the title of the proceeding which brought the parties into court and is referred to in the body of the agreement as ''the plaintiff.'' One of the grounds assigned by the court below reads: ''The bailment lease does not authorize the inclusion of interest and the agreement of counsel and affidavit nowhere disclose any authority for including the same.'' This is clearly an inadvertence as the contract expressly provides for the payment of ''thirty-six installments ...... bearing interest at six per cent per annum from the date of delivery of the said apparatus;'' nor can we agree with the writer of the opinion for the court below that the paper filed is an informal agreement ''that at a time not specified judgment should 'be entered and confessed';'' we think it is a formal agreement that judgment be forthwith ''entered and confessed'' against appellees in the

amount specified. In Pittsburgh Terminal Coal Corporation v. Potts, 92 Pa. Superior Ct. 1, this court had occasion to consider questions relative to the entering of amicable actions and the confession of judgments therein and there held that judgments in such actions do not depend for their validity upon conformity with the provisions of any statute but were well known at common law, and that the underlying inquiry is whether the attorney acting for the defendant exceeded in any way the authority conferred upon him. It was further said that, if the defendant has agreed to the confession of a judgment such as the plaintiff would be entitled to recover in the event of the successful termination of adverse proceedings, the manner in which that agreement is carried into effect is not of great importance. Another contention advanced in behalf of appellees is that the judgment is entered against them as individuals instead of as members of a partnership. It is true that in the first paragraph of the contract Lipschutz and Spiro are described as ''doing business as partnership'' but the contract was signed by them as individuals and it is sufficient to say that the judgment was entered in a manner justified by the way in which they executed the contract.

The cases cited by the court below, Boggs v. Levin, 297 Pa. 131, and Eddy v. Smiley, 26 Pa. Superior Ct. 318, are not applicable. In the first, judgment was confessed in favor of a stranger to the lease, and in the second the authority was to confess judgment in favor of a company, but it was entered in favor of an individual, with nothing on the record connecting such individual with the company. Moreover, the warrant of attorney above quoted contains a ''release of errors.'' It has been repeatedly held that such a release does not cover jurisdictional defects or a lack of authority to confess the judgment, and does not debar a defendant from the right to have inquiry made into the power of the adverse party to enter the judg-

ment at all; but none of the grounds upon which this judgment was stricken off amounts to a defect which would not be covered by the release of errors given by appellees.

The assignment of error to the order making absolute the rule to strike off the judgment is sustained; that order is reversed and the judgment reinstated.