### West Penn Sand & Gravel Company v. Shippingport Sand Company, Appellant.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Charles McC. Barrickman,* with him *Buchanan, Wallover & Barrickman,* and *Keller & Luxenberg,* for appellant.

*Leonard L. Ewing,* with him *John D. Ray, Robert L. Orr,* and *Reed, Ewing & Ray,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 17, 1951:

This appeal deals solely with complaints of procedural irregularities in the entry of an amicable action and confession of judgment in ejectment. If there is any underlying controversy of *substance* between the parties it is not disclosed in the present record.

In 1947 a lease was entered into between plaintiff as lessor and defendant as lessee for certain premises

in East Rochester, Beaver County, including railroad sidings, docks and equipment, for a term of ten years, at a monthly rental of $200 and in addition a stipulated percentage of the total gross sales of certain material sold by lessee on the premises. The lease contained several covenants to be performed by lessee in regard to the use of the premises and other matters, and it provided that in case of a violation of such covenants lessor should notify lessee, in writing, specifying the particulars of such breaches or defaults, and, if they were not remedied within 60 days after receipt of such notice, lessor might enforce forfeiture of the lease and retake possession of the leased premises. There was also a provision that if at any time the premises were deserted or closed lessor might enter and relet the premises as agent of lessee for any unexpired portion of the term. On any breach of covenant on its part lessee empowered any attorney, in an amicable action of ejectment for the premises, to enter confession of judgment, with release of all errors.

On November 7, 1949 plaintiff served on defendant written notice of default, enumerating many alleged breaches of the latter's covenants in the lease and advising it that, unless all such defaults were remedied within 60 days, plaintiff would institute legal proceedings to effect a forfeiture of the lease. On January 28, 1950 an amicable action and confession of judgment in ejectment were entered; there was annexed thereto an affidavit by plaintiff's attorney stating that "pursuant to the terms of the Lease Agreement, Exhibit 'A', attached hereto, notice was served upon the Shippingport Sand Company on the 7th day of November, 1949, advising it of its breach of covenants of said Lease Agreement, and also advising it that if it persisted in such breach for a period of sixty days that under the terms of said Lease Agreement such breach would operate as a forfeiture. And further, that such

breach had continued during the said period of sixty days up to and including January 27, 1950; that on this date the premises being deserted and closed, the Lessor did enter upon the premises and take possession as provided under the terms of said Lease Agreement."

Defendant moved to strike off the judgment on the ground that it was not accompanied by an affidavit of default setting forth the breach by defendant of any of the covenants in the lease upon which the judgment was confessed, that the affidavit of default was not made by any one authorized by Pa. R. C. P. 1002 to make such affidavit, and that the judgment was entered subsequent to the date when plaintiff entered and took possession of the premises. Plaintiff thereupon petitioned for a rule to amend the amicable action and confession of judgment by filing an additional affidavit nunc pro tunc to which there would be attached and made a part thereof a copy of the notice served upon defendant on November 7, 1949. An answer to this petition having been filed, the court allowed the amendment and dismissed defendant's motion to strike off the judgment, from which order defendant now appeals.

It is, of course, true that where the authority to enter a judgment by confession is dependent upon some default of the defendant there must be an averment of such default before a valid judgment can be entered: *Kolf v. Lieberman*, 282 Pa. 479, 482, 128 A. 122, 123; *Jordan v. Kirschner*, 94 Pa. Superior Ct. 252; *P. Minnig Co. v. Carter*, 113 Pa. Superior Ct. 231, 173 A. 726; *Peterson v. Schultz*, 162 Pa. Superior Ct. 469, 471, 58 A. 2d 360, 362; *Thomas v. Davis*, 163 Pa. Superior Ct. 6, 60 A. 2d 405. Here the affidavit of default incorporated by reference the written notice served upon defendant of the breaches of its covenants in the lease but failed to attach a copy of such notice to the affidavit of default itself. This could scarcely be said to

have constituted an important omission in view of the fact that defendant had been thoroughly informed by that notice of the defaults of which it was alleged to have been guilty. It has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby; *Smith v. Hood & Co.*, 25 Pa. 218; *Harr, Secretary of Banking v. Furman*, 346 Pa. 138, 142, 143, 29 A. 2d 527, 529, 530; *W. H. Keech Co. v. O'Herron*, 41 Pa. Superior Ct. 108, 111; *Fox v. Boorse*, 81 Pa. Superior Ct. 211; *Aiken v. Mayberry*, 128 Pa. Superior Ct. 15, 20, 193 A. 374, 376. Moreover, the lease in this case contained, as previously stated, a release of errors in the entry of the judgment, and, while such release does not cure the defect of a lack of authority to confess the judgment, it does waive the right to attack mere irregularities in the proceeding apparent in the record: *Curry v. Bacharach Quality Shops, Inc.*, 271 Pa. 364, 372, 373, 117 A. 435, 438; *Sinberg v. Davis*, 285 Pa. 426, 431, 132 A. 287, 288; *Altoona Trust Co. v. Fockler*, 311 Pa. 426, 435, 165 A. 740, 742; *Peerless Soda Fountain Service Co. v. Lipschutz & Spiro*, 101 Pa. Superior Ct. 568, 574, 575; *Sterle v. Galiardi Coal & Coke Co.*, 168 Pa. Superior Ct. 254, 257, 77 A. 2d 669, 671, 672.

Defendant relies upon Pa. R. C. P. 1002 to support its contention that the averment of default should have been verified by plaintiff itself and not by plaintiff's attorney. However, the requirement that verification must be by the party applies only to averments contained in pleadings (Pa. R. C. P. 1024); the pleadings referred to are those enumerated in Pa. R. C. P. 1017, which do not include an averment of default in an amicable action. It may not be amiss in this connec-

tion to say that courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; if the defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it.

Defendant's contention that the record shows that the defendant was not in possession of the premises at the time the amicable action was entered and therefore an action of ejectment will not lie (*Helfenstein v. Leonard*, 50 Pa. 461) is unavailing in view of the fact that the lease allowed plaintiff to re-enter, if the premises were "deserted or closed", in order to re-let the property as agent for the lessee for any unexpired portion of the term of the lease. If plaintiff entered the premises in accordance with that provision defendant was still in possession through plaintiff acting as its agent. In order to establish a claim to possession, therefore, not as such agent but in its own right, plaintiff was entitled to enter the judgment in ejectment under the warrant of attorney contained in the lease.

The order allowing plaintiff's amendment and dismissing defendant's motion to strike off the judgment is affirmed.