# Westlake, Jr., etc., v. Perfection Plastic Engineering Company, Inc.

*Harold M. Rappeport*, for plaintiff.

*Emanuel G. Weiss*, for defendant.

KUN, P. J., September 25, 1951.—Plaintiff filed a bill against defendant, alleging that he had been employed by defendant to solicit and obtain orders for certain articles, and that he was to receive five percent commission on the gross sales price. The alleged contract between the parties was based by plaintiff on a letter written by him to defendant referring to the subject matter and containing the following: "It is our understanding that you will pay the Eav-Tex Company [plaintiff's trade name] a commission of 5% on all battery spacer business received from Exide . . . Please acknowledge receipt of this letter by signing the enclosed carbon copy and returning it to us." The name of defendant appears at the bottom thereof by "D. D. Dundore". There are, however, no words of agreement, acceptance, or approval used in connection with the name of defendant, assuming that it was properly pleaded that D. D. Dundore was in any wise authorized to make an agreement for defendant or bind it in any way.

It is to be noted that all that the letter addressed to defendant requests was that its receipt be acknowledged. Mere receipt of a letter which requests no more than that its receipt be acknowledged cannot of itself constitute a contract between parties, because of the absence of words and expressions importing agreement.

The bill, however, sets forth that defendant paid plaintiff commissions to a certain date, and the implication is that thereafter plaintiff's employment was discontinued. The bill seeks to recover commissions allegedly due on sales made by defendant to the same customer thereafter, on the pleading that there is a usage or custom in the industry of the manufacture of the article mentioned, battery spacers, that commissions were to be paid to the agent who procured the order as long as orders for the same article were filled

for the same customer. Plaintiff seeks an accounting from defendant, to determine the amount of commissions due on that basis.

The claim asserted by plaintiff is one at law and could well be transferred to the law side of the court: Holland v. Hallahan, 211 Pa. 223; Ebbert v. Plymouth Oil Company et al., 348 Pa. 129, 134, 135. However, as the matter is before us, we will dispose of the legal questions raised by the preliminary objections, regardless of this question of jurisdiction.

As we have indicated, plaintiff's letter to defendant, the receipt of which was merely acknowledged, is not a contract, and no term of employment is mentioned therein or agreed to by defendant. It can be considered no more than an offer by plaintiff to make sales for defendant at five percent commission, and there is no allegation in the bill that for any sales that plaintiff so made he has not been paid. What he is seeking to recover through the bill is not any money due him in that way, but on the pleading that there is a custom in the trade which entitles him to commission on sales made by defendant to the same customer after the termination of his relationship with plaintiff; he seeks to recover such additional commissions.

The bill is totally ineffective to establish such a liability on the part of defendant. Even if the writing attached to the bill as exhibit A, plaintiff's letter to defendant above referred to, contained apt words of agreement thereto by defendant, plaintiff could not sustain the bill here because it is the settled law that an employment, indefinite as to time, such as the principal-agent relationship involved in this case, is terminable at will at any time by either party thereto, and creates no executory obligation: Price v. Confair, 366 Pa. 538.

The attempt of plaintiff to circumvent this established principle of law by pleading a custom in the trade

contrary thereto must fail. As long ago as 1814 Chief Justice Tilghman, in Stoever v. The Lessee of Whitman, 6 Binney 415, said (p. 418) :

"The defendant who claimed under a re-entry and sale by the proprietors of the town of Lebanon, for a forfeiture incurred by the non-payment of rent, offered to give evidence of a custom in the said town, to proceed in the same course which the proprietors had taken in this instance. This evidence the court rejected, and I think very properly. Miserable will be our condition, if property is to depend, not on the contract of the parties, expounded by established principles of law, but on what is called the custom of particular places, so that we may have different law in every town and village of the commonwealth."

The generality of the principle was reiterated in Rapp v. Palmer, 3 Watts 178, 179, where the court said that while a usage may be resorted to for explanation of commercial instruments, "it never is, nor ought to be, received to contradict a settled rule of commercial law." To the same effect, Coxe v. Meisley, 19 Pa. 243. In Maust v. Creasy, 42 Pa. Superior Ct. 633, the court held that in a suit based upon a written contract it was the duty of the court to construe it according to law, and proof of a custom to the contrary was inadmissible. In Dempsey v. Dobson, 184 Pa. 588, the court again held that where there is a rule of law as applied to a contract, proof of a custom contradicting such rule of law is inadmissible. To the same effect is Harris v. Sharples, 202 Pa. 243. So also in Addison v. Wanamaker, 185 Pa. 536, where a broker sought to recover commissions from the vendor of real estate, alleging that he was entitled to do so by reason of a custom, the court held that the alleged custom could not be asserted against a rule of law that prohibits a broker from recovering commissions from both sides unless explicitly

agreed to by all concerned. There is a cognate principle that the express terms of a contract cannot be varied by proof of the existence of a custom to the contrary: Heller v. Young, 66 Pa. Superior Ct. 232; Cost v. Dean, 161 Pa. Superior Ct. 160; Main Belting Company v. Corn Exchange Bank and Trust Company, 325 Pa. 168; Sinberg v. Davis et al., 285 Pa. 426.

The arrangement between plaintiff and defendant is set forth in the bill, being one which under the law was terminable at will, and having been terminated, plaintiff cannot recover any alleged future commissions. The court cannot recognize the alleged custom set up in the bill, contrary to the established law on the subject relating to the subject matter.

The preliminary objections are sustained and bill dismissed.