## Rubenstein v. Patrak

Before Shughart, P. J., and Jacobs, J.

*Myers, Myers & Flower*, for plaintiff.

*Garber & Garber*, for defendants.

SHUGHART, P. J., December 20, 1960.—The above defendants executed a lease note in favor of plaintiff

calling for payment of the principal sum of $17,700 in 35 monthly rental installments of $500 and one installment of $200. The note provided: "If any rental or rentals herein provided for are not paid at maturity then and in that event *only* the maker or makers hereby empower any attorney of any court of record . . ." to appear and confess judgment against them. The instrument was executed September 4, 1953, and on June 3, 1954, judgment was entered upon the note without the filing of an affidavit of default. (Italics supplied.)

On April 4, 1959, a scire facias to revive the judgment was issued against defendants to no. 630, May term, 1959. No answer was filed to the scire facias, but on August 18, 1960, a rule was issued on plaintiff to show cause why the judgment should not be stricken because no affidavit of default in the rental payments was filed. An answer to the petition was filed, and the matter is now before us for decision.

It is well established that where a warrant of attorney provides for the entry of judgment after default, there can be no judgment entered without an averment of default: Yezbak v. Croce, 370 Pa. 263, 88 A. 2d 80; West Penn Sand & Gravel Company v. Shippingport Sand Company, 367 Pa. 218, 80 A. 2d 84; Kolf v. Lieberman, 282 Pa. 479, 128 Atl. 122; Jordan v. Kirschner, 94 Pa. Superior Ct. 252; Advance-Rumely Thresher Co., Inc., v. Frederick, 98 Pa. Superior Ct. 560.

Counsel for plaintiff contends that the revival of the judgment cured any defect in the entry of the original judgment. Neither counsel have cited any case involving the effect of revival of a judgment entered upon a note without an affidavit of default where the terms of the note required such an affidavit.

This exact situation did arise in the case of Sterling Electric & Furniture Co., to use, v. Irey, 189 Pa. Superior Ct. 450. A study of the record of that case as it

appears from the paper books discloses that a judgment was entered March 21, 1951, without an affidavit of default. A scire facias to revive was issued May 24, 1957, and a return of service made showing service on defendants June 13, 1957. On June 6, 1958, damages were assessed and a writ of fieri facias issued. A petition to strike off the judgment was filed and a rule issued on July 18, 1958. The lower court granted the rule and struck off the judgment. On appeal, the Superior Court affirmed the action of the court below.

Judge Watkins speaking for the court said, at page 451:

"The question involved, therefore, is simply whether a judgment entered on a note, such as the above, authorizing any attorney to enter judgment 'in the event of default' is void, where no averment of default has been filed and the date of payment as provided in the note has not been reached.

"We feel that the law is too well settled for any lengthy discussion of the subject. A warrant of attorney authorizing the entry of judgment must be strictly followed. Kolf v. Lieberman, 282 Pa. 479, 128 A. 122 (1925).

"The authority contained in this note is clearly dependent upon default. Where authorization to enter a judgment by confession is dependent upon a default by the defendant there must be an averment of such default before the warrant can be exercised and a valid judgment entered. We believe this would be true if the blank providing for monthly payments had been filled. Even without this blank being filled the provision of '12 consecutive monthly installments from this date of $— each, the first of which installment is due one month from the date of this note,' might raise the possibility of default before the due date of March 21, 1952. Even so, where a warrant of attorney provides for an entry of judgment after default, there

can be no entry of judgment without an averment of default."

Unfortunately, the question as to the effect of the revival of the judgment was not raised nor passed upon by the court, although the factual situation was precisely as the instant case.

In the instant case, the scire facias was served upon defendant, Patrak, on April 9, 1959, and upon the defendant, Porto, on April 23, 1959, directing them to appear to show cause on the second Monday of May (May 11th), 1959. The docket entries do not indicate that any judgment of default for want of an appearance or for want of an affidavit of defense was ever entered.

The Judgment Lien Law of July 3, 1947, P. L. 1234, 12 PS §877 et seq., clearly contemplates the conclusion of a scire facias proceeding with the entry of a final judgment. Section 3(c), 12 PS §879, provides that a revived lien of any judgment shall continue for five years from the date on which judgment of revival was indexed "provided such judgment of revival, if entered on a writ of scire facias, *was indexed* within a period of five [5] years after the issuance of such writ, . . ." (Italics supplied.)

Section 6 of the act, 12 PS §882, provides that on return by the sheriff showing service on all persons found in the county, and here both defendants were, ". . . the prothonotary shall, at any time after the end of the period during which the writ runs, upon praecipe, enter and index judgment of revival of any such judgment during another period of five years . . . *unless sufficient cause is shown to prevent the same.*" (Italics supplied.)

The procedure and form of praecipe for the entry of judgment by default of appearance or answer is set forth in 6A Standard Pa. Practice §529.

Since judgment has not been entered in the scire

facias proceeding, it would seem that this proceeding cannot be deemed to have cured the entry of judgment without filing the averment of default. If this is so, the motion to strike must be granted for the reasons stated above. The fact that judgment had not been entered in the scire facias proceeding was not mentioned in the briefs nor at oral argument. In order that plaintiff will not be deprived an opportunity to present argument on this point, we shall enter an order striking the judgment unless a motion for reargument is made.

### Order of Court

And now, December 20, 1960, at 9 a.m., the rule to show cause why the judgment should not be stricken from the record is made absolute 20 days after the filing of this order unless, prior to the said time, plaintiff shall have filed with the court a motion for reargument, setting forth the reason in support thereof.