## Southeast National Bank v. Gentry

*Robert F. Adams,* for respondent.
*Thomas P. Mohr,* for petitioners.

MARRONE, *P.J.,* February 4, 1977 — On March 3, 1972, B. Neil Gentry, petitioner, executed a demand note in favor of the Southeast National Bank, respondent. The note was in the face amount of $33,521.42 and recited collateral security delivered to the respondent as: Financing Statement and Security Agreement on Motor Vehicles and Equipment. The note also authorized the entry of judgment by confession. Attached to that note was a writing styled Plaintiff's Affidavit of Debtor's Waiver of Rights. That writing contains a notice by the prothonotary of this county notifying creditors that they would not be permitted to enter judgment on a document containing a provision for judgment by confession unless the document was accompanied by an affidavit in the suggested form. It appears that the prothonotary deemed such an affidavit necessary under the provisions of Swarb v. Lennox, 314 F. Supp. 1091 (E. D. Pa. 1970), aff'd, 405 U.S. 191, 92 S. Ct. 767, 31 L. Ed. 2d 138 (1972). Pursuant to the cognovit clause, judgment against petitioner was entered by the prothonotary of Chester County on July 31, 1974.

Approximately nineteen months after the confession of judgment, respondent filed a praecipe for a writ of execution which writ was issued on that date. There followed a levy by the sheriff of Chester County. Petitioner then filed a petition on which a rule was issued to show cause, inter alia, why the judgment should not be stricken off.

The main thrust of petitioner's attack seems to be that respondent failed to properly complete the affidavit of Debtor's Waiver of Rights attached to the note, although he raises additional alleged defects in that no formal demand was made upon him prior to the entry of the judgment and further, that no formal confession of judgment was entered of record by the respondent against petitioner.

The primary issue before this court is whether or not Swarb v. Lennox, supra, is authority for striking the judgment in this case.

A rule to strike off the judgment is in the nature of a demurrer to the record and is ordinarily considered a proper remedy where irregularities constituting fatal defects are apparent on the face of the record: Weinberg v. Morgan, 186 Pa. Superior Ct. 322, 142 A. 2d 310 (1958). If the judgment is self-sustaining and has been or appears to have been regularly entered, relief must be denied.

The record before us consists of the note as filed together with an affidavit executed by one Stephen M. Trimble, allegedly an agent for plaintiff. It sets forth that at the time of the signing of the document containing the provision for judgment by confession the debtor earned more than $10,000 annually, or, intentionally, understandingly and voluntarily waived certain rights as set forth on the affidavit. While the proposed form of affidavit provides space for "facts showing such waiver,"

no such facts are set forth. Accordingly, petitioner argues that respondent has not met the mandates of Swarb v. Lennox, supra, arguing that the judgment is defective on its face by reason of the fact that the affidavit is in the disjunctive. It should be noted that neither party raises the question of whether or not petitioner is a member of the class protected under the holding in Swarb, nor is that fact apparent from the record.

In the Swarb case it was held that the Pennsylvania system permitting judgments by confession complies with due process provided "there has been an understanding and voluntary consent of the debtor in signing the document" but, if there is no such understanding consent or a voluntary, understanding and intentional waiver thereof, the procedure violates due process requirements of notice and of opportunity to be heard. Swarb, however, limits its application to individual debtors who earn less than $10,000 annually and who entered into nonmortgage credit transactions, described as leasing or consumer financing.

Since the opinion in Swarb v. Lennox, creditors have developed various methods of attempting to comply with its mandates. In the instant case the creditor simply filed the form suggested by the prothonotary of Chester County. Respondent neglected, however, to select which of the two classifications applied to petitioner. As a result, petitioner argues that the judgment should be stricken as violative of his right of due process.

We have examined cases where Swarb and its ramifications have been discussed. In Yachere v. Yachere, 29 Somerset 159 (1973), the court noted that it considered Swarb "as a mandate that courts must proceed on a case by case basis to determine

whether there has been an adequate understanding by the debtor that he has relinquished his constitutional rights." Accordingly, that court held that "the clear consent necessary to sustain a confession of judgment was lacking" where there was nothing in the record to indicate the debtor's income exceeded $10,000 annually, where the cognovit provision of the note which he signed was not mentioned to him, and where no one advised him that the note was intended to be entered as a judgment against his real estate. We note that in Yachere the transaction was between husband and wife. The note in question was executed and delivered to the wife in that case as part of a property settlement agreement. Yachere makes no comment as to the nature of the transaction, i.e., whether it was a consumer-financing or leasing transaction.

The effect of Swarb was also discussed in Investors Loan Corp. of Gettysburg v. Perez, 74 D. & C. 2nd 149 (1975) where the court noted that "[i]t is not easy to ascertain the present law in Pennsylvania with respect to judgments taken by confession." The court then points to the lack of guidance in the area, particularly since Pa. R.C.P. 2951 and 2952 have never been amended to prescribe the procedures in meeting the Swarb requirements.

What we are faced with then is whether or not an attempt by the creditor in this case to comply with the mandates of Swarb, assuming it to be defective, is grounds for striking the judgment. In the opinion of this court it is not.

There is no rule of law or procedure requiring the contested affidavit. Thus, it is a mere irregularity. It has always been held that formal defects, mistakes and omissions in confessions of judgment

may be corrected by amendment where the cause of action is not changed, or the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or any third person will not be prejudiced thereby: West Penn S. & G. Co. v. Shippingport S. Co., 367 Pa. 218, 80 A. 2d 84 (1951). This is particularly true where the writing contains a release of errors in the entry of the judgment. While that release does not cure the defect of the lack of authority to confess the judgment, it does waive the right to attack mere irregularities in the proceeding apparent in the record. Thus, even were we to find that the affidavit was defective, we deem it an amendable defect. While not required to do so in a motion to strike a judgment, petitioner does not claim to have a meritorious defense, nor is there any averment in the petition or other pleadings filed which indicates that petitioner is a member of the class entitled to be protected under Swarb.

As aptly stated in Investors Loan Corp., supra, there is nothing before us as how best to raise the issue. That being so, we are constrained to deny the motion to strike. This does not effectively preclude petitioner from raising the issue in a manner where evidence may be presented on the question before us. Thus, neither the cause of action would be changed nor the ends of justice defeated. If petitioner is entitled to relief under Swarb, this may be established and relief will be forthcoming. This court cannot find from the record before it, as we must do in order to grant the motion, that the case is within the scope of and controlled by Swarb v. Lennox, supra.

The remaining grounds on which petitioner relies do not entitle him to the requested relief.

Under the terms of the note no formal demand is necessary nor is a formal confession of judgment. Respondent has proceeded under Pa. R.C.P. 2951(a), which incorporates the provisions of the Act of February 24, 1806, P.L. 334, as amended, 12 P.S. §739. While the note in this case has been somewhat mishandled by the creditor in that various writings appear on the face and on the back thereof, nevertheless it appears that the Prothonotary could properly compute the amount appearing to be due from the face of the instrument. Furthermore, petitioner has not raised that in his petition and thus that objection is deemed waived pursuant to Pa. R.C.P. 2959(c).

## ORDER

And now, February 4, 1977, the rule entered March 25, 1976, to show cause why the judgment against petitioner should not be stricken off is hereby discharged.