J-S42001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| POPULAR COMMUNITY BANK | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYDER CUP TAXI LLC, | : | |
| | : | |
| Appellant | : | No. 3378 EDA 2018 |

Appeal from the Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term, 2017  No. 0111

| POPULAR COMMUNITY BANK | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVERETT ABITBOL, | : | |
| | : | |
| Appellant | : | No. 3380 EDA 2018 |

Appeal from the Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term, 2017  No. 0112

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 15, 2019**

Ryder Cup Taxi, LLC, and Everett Abitbol (Ryder and Abitbol, respectively) appeal from the orders entered on October 24, 2018,[1] denying

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The October 24, 2018 orders made final the orders of October 11 and 12, 2018.

petitions to open or strike the confessed judgments filed by Popular Community Bank against them, as well as a motion for reconsideration.[2] Although procedurally, this appeal has a somewhat convoluted history, the facts are that Ryder and Abitbol filed timely appeals that are presently before this Court.  Ryder and Abitbol raise three issues, claiming the trial court erred in: 1) failing to find the signature of the Ryder corporate representative was too far from the confession of judgment clause for the clause to be valid; 2) failing to find the lack of proof of assignment of the note rendered the complaint defective; and 3) failing to find the requested attorneys' fees were facially excessive.[3]  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm in part, reverse in part, and remand with instructions.

It appears, from our review of the certified record, that Ryder Cup Taxi borrowed $286,000.00 from Doral Bank to finance the purchase of a taxi medallion.  Abitbol guaranteed the loan.  However, Popular Community Bank became the successor in interest when Doral Bank encountered severe financial problems and sold assets.  The loan was structured so that initial

---

[2] The two underlying cases listed in the caption are separate cases filed in the Court of Common Pleas of Philadelphia County, both seeking payment for the same loan.  Ryder borrowed the money and Abitbol signed the note on behalf of Ryder, and the guaranty individually.  Oddly, it does not appear the cases were officially related in the court below. It is unclear if the trial court was aware the two cases involved the same debt. The cases were consolidated on appeal.  There is no dispute that there is at issue but a single debt, of which Abitbol was the guarantor.

[3] We have reordered the arguments for our convenience.

payments were low with a subsequent balloon payment. It was anticipated that Ryder would refinance the loan so that the balloon payment would not be an issue. Unfortunately for Ryder, and the taxi business in general, ride-sharing services Uber and Lyft came into being and undermined the value of a taxi medallion. This made it virtually impossible for Ryder to obtain new financing for the loan, which went into default. Pursuant to the loan agreement, Popular Community Bank exercised its right to confess judgment. It did so in separate lawsuits against both Ryder and Abitbol.[4] Ryder and Abitbol filed similar petitions to open or strike the confessed judgment. Each petition was denied, effectively ordering Ryder and Abitbol to pay Popular Community Bank $346,125.46. Relevant to this appeal, that sum included a request for an award of $30,000 to Popular Community Bank for attorney's fees in each lawsuit. Attorneys' fees were later reduced pursuant to motion to $23,833.00 regarding Ryder and $26,025.00 regarding Abitbol.

We begin by noting:

> Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. For example, a judgment is properly

---

[4] **See** Philadelphia County docket numbers 1712-00111 and 1712-00112, respectively. These cases were part of the "Taxi Program" instituted by the Philadelphia Court of Common Pleas. The existence of this program speaks to the widespread distress of the taxi industry in Philadelphia.

stricken where the record indicates a fatal flaw such as defective service.

***Vogt v. Liberty Mutual Fire Insurance Company***, 900 A.2d 912, 915-16 (Pa. Super. 2006) (internal citations omitted).

Further,

A motion to strike a default judgment, as opposed to a petition to permit a defense, may not be granted unless a fatal defect appears on the face of the record. If the defect is one that can be remedied by an amendment of the record or other action, nunc pro tunc, the judgment should not be stricken off.

***George H. Althof, Inc. v. Spartan Inns of America, Inc.***, 441 A.2d 1236, 1237 (Pa. Super. 1982) (internal citations omitted).

Finally,

[i]t has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby.

***West Penn Sand & Gravel Co. v. Shippingport Sand Co.***, 80 A.2d 84, 86 (Pa. 1951).

Ryder and Abitbol both claim the first facial defect of the confession of judgment is the signatures on the note and guarantee are too far removed from the cognovits clause to make that clause enforceable. Abitbol argues his signature is two pages from the clause in question on both documents, and that, pursuant to ***L.B. Foster Co. v. Tri-W Construction Co.***, 186 A.2d 18 (Pa. 1962), this is insufficient. We disagree.

***Foster*** requires:

> A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.

*Id.* at 20.

The issue here is whether the signature bears a direct relation to the clause at question. There is no absolute rule as to the placement of the signature in relation to the clause. However, recent case law has illuminated this requirement, stating,

> [t]here should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment in the event of breach.

*Ferrick v. Bianchini*, 69 A.3d 642, 651 (Pa. Super. 2013).

Here, the trial court concluded the signature on the note and guaranty, both signed by Abitbol,[5] bore a direct relation to the clause at issue. Our review of the certified record shows the cognovits clause, paragraph 17 of the Guaranty, begins on page seven and concludes on page eight, and is printed in all capital letters; Abitbol's signature appears on page nine, after paragraph 23. The Ryder Note does not have numbered paragraphs; however, the cognovits clause begins on page three and concludes on page four, and again, is the sole paragraph printed in all capital letters. Abitbol's signature appears

---

[5] The notation under Abitbol's signature on the Note identifies him as a "member/manager" of Ryder Cup Taxi, LLC.

on page five. Additionally, neither Ryder nor Abitbol claim to have been unaware of the clause.[6]

Neither Ryder nor Abitbol have presented any controlling case law demonstrating the signature was too far removed from the confession of judgment clause. The distinctive appearance of the clause and the fact that neither Ryder nor Abitbol claim to have been unaware of the clause support the trial court's determination that Abitbol was aware of what he was signing on behalf of Ryder and as guarantor, and the signature bore a direct relation to the clause. Accordingly, the trial court did not abuse its discretion or commit an error of law regarding the resolution of this issue. Ryder and Abitbol are not entitled to relief on this issue.

Next, Ryder and Abitbol argue the confession of judgment was facially flawed by the failure to include the assignment of the note from Doral Bank to Popular Community Bank. Ryder and Abitbol are not entitled to relief on this claim.

---

[6] The claim regarding the signature being divorced from the clause is a claim of a technical fault. Indeed, neither Ryder nor Abitbol could argue they were unaware of the clause as the certified record contains an additional document, signed the same day (3/24/2014) as the Note and Guaranty, stating Abitbol was aware of the confession of judgment clause. **See** Plaintiff's Memorandum of Law in Opposition to Defendant's Petition to Open and/or Strike the Confessed Judgment, Exhibit "B", 3/19/18. While we note the document's existence, we do not base our conclusion upon the document's existence.

Popular Community Bank contends the issue has been waived by failing to include it in the Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Neither Ryder nor Abitbol was ordered to file a Rule 1925(b) statement, although Ryder did file one in docket number 1217-00111 (Ryder). Popular Community Bank is correct that the issue was not included in the statement, and is therefore waived.[7] However, Abitbol, as guarantor, did not file a Rule 1925(b) statement, and the issue was raised before the trial court in the petition to open and or strike. Therefore, we can consider the issue as it applies to Abitbol's matter.

Pennsylvania Rule of Civil Procedure 2952 addresses the requirements for a complaint seeking to confess a judgment. The relevant portion of that rule is found at Subsection 2952(a)(4), which states:

(a) The complaint shall contain the following:

(4) a statement of assignment of the instrument.

Pa.R.C.P. 2952(a)(4).

Case law holds this rule is satisfied when the complaint contains a recital of assignment,[8] the first paragraph of the complaint states:

---

[7] *See Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa. Super. 2005) (party is bound by Pa.R.A.P. 1925(b) statement even if trial court did not order one be filed).

[8] *See Manor Building Corp. v. Manor Complex Assocs., Ltd.*, 645 A.2d 843, 847 n. 3 (Pa. Super. 1994).

> 1. Plaintiff is Popular Community Bank, *successor-in-interest to Doral Bank*, with an address at 85 Broad Street, 10th Floor, New York, N.Y. 10004.

Complaint, 12/4/2017, at ¶ 1 (emphasis added).

In **Weitzman v. Ulan**, 450 A.2d 173 (Pa. Super. 1982), a panel of our Court determined, "This lease has been assigned from Anna Weitzman to Frank Weitzman and Shirley Shumsky"[9] fulfilled the requirements of Rule 5924(a)(4). Paragraph 1 of Popular Community Bank's complaint is sufficient and neither Ryder (by waiver) nor Abitbol (substantively) are entitled to relief on this issue.

Finally, Ryder and Abitbol claim the attorneys' fees sought were facially excessive, even after having been reduced, part of this claim is an assertion Popular Community Bank is attempting to collect double fees.[10] Here, we note that Popular Community Bank filed separate confessions of judgment against both Ryder and Abitbol to collect the unpaid principal of a single loan. Despite filing separate lawsuits to collect on a single loan, Popular Community Bank is not entitled to collect the entire unpaid principal, late fees, and interest from both defendants. Nonetheless, Popular Community Bank is entitled to collect reasonable attorneys' fees based upon the amount at issue – that is the $273,946.92 principal balance.

---

[9] **Id.** at 178.

[10] In the trial court and on appeal, Popular Community Bank was represented by the same lawyers and law firm in both matters.

Without explanation, the trial court used different methods of calculating the attorneys' fees awarded against each defendant. The trial court awarded Popular Community Bank attorneys' fees of $23,833.00 against Ryder to collect the debt (an 8.7% fee commission), and $26,025.00 against Abitbol (a 9.5% fee commission) to collect the same debt. The trial court determined the reasonableness of each fee based upon Popular Community Bank collecting the entire debt from each defendant. However, if Popular Community Bank is paid the entire fee commission levied against each defendant, that will result in a combined fee commission of 18.2%. The trial court never discussed the reasonableness of this percentage as a fee commission.

Independently, each order granting attorneys' fees appears reasonable, notwithstanding the unexplained different amounts awarded for what appears to be identical work.[11] Each order allows a fee commission of less than 10% to collect the $273,946.92 principal balance (plus incidental costs). Popular Community Bank is not entitled to collect the **entire** principal balance from each defendant because Abitbol is only a guarantor of the Ryder debt.

Until apportionment of the debt is determined between Ryder and Abitbol, it is impossible to determine the reasonableness of the attorneys' fees awarded against **each** defendant. Accordingly, we vacate the award of attorneys' fees against both Ryder and Abitbol and remand for recalculation

---

[11] We know how the trial court arrived at the different fee amounts; we do not know why the trial court awarded different amounts.

of the attorneys' fees or for explanation of the reasonableness of the combined fee commission including an explanation why the fee commission is different for each defendant.[12]

Order affirmed in part, vacated in part. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/19

---

[12] Because the trial court did not offer an analysis of the reasonableness of the combined fee commission, we cannot offer an analysis of the reasonableness of the trial court's action. We are not specifically ruling the combined fee is excessive, although the 18.2% commission is higher than any fee commission approved in any of the case law cited by Popular Community Bank.